CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 5 2006

JOHN F. CORCORAN, CLERK
BY: *Linda Bright*
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

IN RE MINOR CHILD )
FRANK RODGERS )
)
WAYNE RODGERS, ) Civil Action No. 5:06CV00071
Plaintiff, )
) **MEMORANDUM OPINION**
v. )
) By: Hon. Glen E. Conrad
KELLY A. RODGERS-DUVALL, ) United States District Judge
Defendant, )

This case was originally filed in the Shenandoah County Juvenile and Domestic Relations Court and involves a child custody dispute. On July 31, 2006, plaintiff removed the case to this court pursuant to 28 U.S.C. §1441. Larry J. Mayer, the Guardian *ad litem* in the case, timely filed a Motion for Remand asserting that the federal court is without subject matter jurisdiction. Pursuant to 28 U.S.C. §1444, this court has the authority to remand the case if it determines that it is without subject matter jurisdiction.

On December 4, 2005, this case came before the Juvenile and Domestic Relations District Court for Shenandoah County, Virginia upon Kelly Rodgers' Petition for modification of custody and Show Cause Summonses filed by both Kelly Rodgers and Wayne Rodgers. On December 27, 2005, Judge Elizabeth Kellas filed an order modifying the original custody order and dismissing both Show Cause Summonses. Mr. Rodgers appealed the order to the Circuit Court of Shenandoah County, where Judge Kellas's original order was affirmed with two slight modifications, the second directing that any further motion or petition include a detailed recitation of the grounds to be signed under oath. On May 1, 2006, Mr. Rodgers, *pro se*,

appealed the decision to the Court of Appeals of Virginia.

On August 2, 2006, Mr. Rodgers filed a Notice of Petition and Verified Petition for Warrant of Removal in this court. Mr. Rodgers attempts to assert federal question jurisdiction under the Americans with Disabilities Act (ADA) and the Due Process and Equal Protection Clauses of the United States Constitution.

At the outset, the court notes that the ADA does not support intervention in ongoing child custody cases. The purpose of the ADA is to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). The court is unaware of any authority under the ADA in which the court's authority can be invoked in a child custody case based on the disability of a parent.

Moreover, it is well-established that federal courts must abstain from consideration of constitutional matters pending resolution of the case in state courts. Abstention by this court is appropriate because there is an ongoing state judicial proceeding that implicates important state interests and the plaintiff herein has an adequate opportunity to present his constitutional claims in that proceeding. *Employees Resource Mgt. Co. v. Shannon*, 65 F.3d 1126, 1135 (4th Cir. 1995) (citing *Younger v. Harris*, 401 U.S. 37 (1971)); *see also H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (applying *Younger v. Harris*, 401 U.S. 37 (1971) to require abstention in a Section 1983 challenge of a state child custody order). Abstention by this court is further required because the underlying dispute involves child custody, a matter in which the federal courts generally do not encroach. *See Ex parte Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States"), *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern").

For these reasons, the court concludes that the guardian *ad litem's* Motion for Remand is well-taken. An appropriate Order for Remand will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

DATED this 25th day of September 2006.

_____
United States District Judge